IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDERICK GOINGS, #M-36022,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 16-cv-00833-NJR |
| | ) |
| **JONES, ANDREW W. SPILLER,** | ) |
| **EVOLADI, UNKNOWN CORR. STAFF,** | ) |
| **and UNKNOWN HEALTHCARE STAFF,** | ) |
| | ) |
| **Defendants.** | ) |

# ORDER

**ROSENSTENGEL, District Judge:**

In accordance with the Court's Memorandum and Order dated July 22, 2016, which severed multiple claims from Case No. 16-439-SMY into this action, the Court now orders service of process and referral of the claims in this case. The July 22 Order contained a preliminary screening of all of the claims brought by Goings pursuant to 28 U.S.C. § 1915A, which led to a determination that Counts 7-8, 10, and 14 should proceed against the defendants named in conjunction with those claims.

Following the Section 1915A screening and pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including management of the process to identify the unnamed defendants. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**Identification of Unknown Defendants**

Goings shall be allowed to proceed with Counts 10 and 14 against unknown correctional staff and unknown healthcare staff. These parties must be identified with particularity, however, before service of the complaint can be made on them. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim against the unknown defendants, the prisoner should have the opportunity to engage in limited discovery in order to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, guidelines for discovery aimed at identifying the unknown defendants will be set by the United States Magistrate Judge, so that Goings can identify the unknown defendants with particularity. The Court cannot discern, at this early stage, whether any named defendants can assist in identifying these individuals. Therefore, for the sole purpose of assisting with the identification process, the Clerk of Court shall add Menard's Warden as a defendant, in his or her official capacity only.

Once identified, Goings shall file a motion to substitute the named defendants for "unknown correctional staff" and "unknown healthcare staff" in the case caption and elsewhere in the complaint, and Menard's Warden should file a motion seeking dismissal from this action.

**Disposition**

The Clerk is **DIRECTED** to **ADD** Menard's Warden as a defendant, in his or her official capacity only, for the sole purpose of responding to discovery aimed at identifying Defendants "unknown correctional staff" and "unknown healthcare staff."

**IT IS ORDERED** that **COUNTS 7-8** shall receive further review against Defendant **EVOLADI**. **COUNT 10** shall receive further review against Defendants **UNKNOWN CORRECTIONAL STAFF, JONES,** and **UNKNOWN HEALTHCARE STAFF**. **COUNT**

**14** shall receive further review against Defendants **EVOLADI, JONES, UNKNOWN CORRECTIONAL STAFF,** and **UNKNOWN HEALTHCARE STAFF**. With respect to **COUNTS 7-8, 10,** and **14,** the Clerk of Court shall prepare for **DEFENDANTS EVOLADI, JONES,** and **MENARD'S WARDEN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  September 20, 2016**

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**