IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FREDRICK GOINGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-CV-833-NJR-DGW |
| | ) |
| JONES, ANDREW W. SPILLER, | ) |
| WARDEN OF MENARD, FRANK | ) |
| EOVALDI, and UNKNOWN | ) |
| CORRECTIONAL AND HEALTH CARE | ) |
| STAFF, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 67), which recommends the denial of the Motion for Order to Show Cause for Entry of a Preliminary Injunction (Doc. 26) and Verified Motion for Temporary Restraining Order (Doc. 32) filed by Plaintiff Fredrick Goings.

On May 2, 2016, Goings, an inmate then housed at Menard Correctional Center, filed an action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, alleging numerous federal and state claims (Docs. 1, 2). After various orders, Goings is now proceeding on several claims alleging the staff at Pontiac used excessive force, were deliberately indifferent to his medical needs, and conducted unreasonable searches. Specifically, Goings asserts state law battery and Eighth Amendment excessive force

claims against Defendant Frank Eovaldi for grabbing him by the neck and shoving his face into a wall; Eighth Amendment deliberate indifference claims against Defendant Jones and unknown correctional and healthcare staff for refusing him medical care after the attack by Eovaldi, for depriving him of his blood pressure medication, and for ignoring his complaints of high blood pressure; and a claim under the Fourth Amendment that Eovaldi, Defendant Andrew Spiller, and other unknown officers conducted an unreasonable search of his body by subjecting him to multiple strip searches and forcing him to spread his butt cheeks.

On June 1, 2016, Goings was transferred to Pontiac Correctional Center. On December 1, 2016, Goings filed a motion for order to show cause for entry of a preliminary injunction, which the Court has construed as a motion for preliminary injunction (Doc. 26). The motion claims that officers at Pontiac are plotting to seriously injure or kill him in retaliation for exercising his rights to seek redress from the courts. Goings seeks injunctive relief to prevent the Pontiac officers from harassing him. On December 19, 2016, Goings filed a motion for temporary restraining order (Doc. 32), making many of the same allegations and also complaining about another incident at Pontiac.

On April 4, 2017, Magistrate Judge Donald G. Wilkerson issued the Report and Recommendation currently before the Court (Doc. 67). Objections to the Report and Recommendation were due on or before April 21, 2017. *See* 28 U.S.C. § 626(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR73.1(b). No objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed Goings' motions and Magistrate Judge Wilkerson's Report and Recommendation for clear error. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson. Goings has failed to sufficiently demonstrate that he will suffer imminent, irreparable harm absent preliminary injunctive relief. As Magistrate Judge Wilkerson explained, Goings' motions do not implicate any Defendant in this action or seek relief related to his underlying claims. Therefore, none of the named Defendants are in a position to give Goings the relief he is requesting. To the extent Goings is seeking to add claims or defendants to this lawsuit, his motions are improper. Should Goings wish to pursue any claims against staff at Pontiac or any other person not named in the operative Complaint, he should file a new lawsuit. The Court agrees with Magistrate Judge Wilkerson that, in this instance, there is no justification for the "extraordinary and

drastic remedy" of injunctive relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 67) in its entirety and **DENIES** the Motion for Order to Show Cause for Entry of a Preliminary Injunction (Doc. 26) and Verified Motion for Temporary Restraining Order (Doc. 32) filed by Plaintiff Fredrick Goings.

**IT IS SO ORDERED.**

**DATED: May 4, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**