IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDRICK GOINGS,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**ANTHONY JONES, ANDREW SPILLER, FRANK EOVALDI, STG. ENGELAGE, REVA ENGELAGE, MARTHA OAKLEY, REBECCA STEFANI, CHRISTI RAYBURN, JEANNE SAUERHAGE, BRENDA OETJEN, CHARLES COMPTON, CHRISTOPHER STOREY, JUSTIN HECHT, TONYA SMITH, JAMES BEST, and UNKNOWN DEFENDANTS,**<br><br>    **Defendants.** | Case No. 3:16-CV-833-NJR-GCS |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

  This matter is before the Court on several Reports and Recommendations entered by Magistrate Judge Gilbert C. Sison. Plaintiff Fredrick Goings, an inmate of the Illinois Department of Corrections, brought this action under 42 U.S.C. § 1983 for deprivations of his constitutional rights and violations of Illinois state law that allegedly occurred while he was housed at Menard Correctional Center. Goings is proceeding on an Eighth Amendment excessive force claim, two Eighth Amendment deliberate indifference claims related to Defendants' alleged failure to provide medical care and necessary medication, a Fourth Amendment claim for excessive strip searches unrelated to any penological interest, a state law battery claim, and a state law assault claim (Doc. 79).

For the reasons set forth below, the Court adopts Judge Sison's recommendations over the objections of Plaintiff Fredrick Goings.

**I.      Plaintiff's Motion for Preliminary Injunction**

On June 24, 2019, Judge Sison entered a Report and Recommendation (Doc. 209) regarding Plaintiff's motion for preliminary injunction (Doc. 167). Judge Sison noted that, within his motion, Goings attempted to state several new claims against numerous individuals who work at Menard, some were parties to this litigation, and some were not. All of the allegations in the request for injunctive relief pertain to incidents that allegedly occurred at Menard. On June 17, 2019, however, Goings informed the Court that he had been transferred to Pontiac Correctional Center (Doc. 202). As a result, his request for injunctive relief related to the conditions and individuals at Menard was rendered moot. Judge Sison therefore recommended that the undersigned deny the motion as moot.

The Court granted Goings two extensions of time to object to the Report and Recommendation, ultimately ordering him to file his objection on or before September 12, 2019 (Docs. 214, 222). Goings was warned that, absent extraordinary circumstances, no further extensions would be granted (Doc. 222). On September 4, 2019, Goings filed a third motion for extension of time to object (Doc. 225). Goings asserts that he is in segregation, the law library has an inadequate resource reference list of materials, and the prison has not yet provided him with the requested case law, rules, and annotations.

Goings's third motion for extension of time is **DENIED**, as the Court has given him ample time to form a response. Moreover, the Court does not find the normal incidents of prison life, even in segregation, to constitute exceptional circumstances. Even

if he did not have access to case law and other legal materials, Goings could have objected and made arguments as to why the Report and Recommendation was erroneous in order to preserve his right to *de novo* review. Because he did not, the Court reviews the Report and Recommendation only for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999); 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Here, the Court finds no clear error. When a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot. *Higgason v. Farley*, 83 F.3d 807 (7th Cir. 1995) (per curiam); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (finding transfer from prison where inmate sought declaratory and injunctive relief concerning strip search practice mooted claim); *Henderson v. Sheahan*, 196 F.3d 839, 848 n. 3 (7th Cir. 2000) (finding transfer from Cook County Jail to state prison system mooted plaintiff's claim for declaratory and injunctive relief against jail-specific practice). Because Goings seeks injunctive relief related to specific practices at Menard, his transfer to Pontiac moots his claims.

Accordingly, the Court **ADOPTS** Judge Sison's Report and Recommendation (Doc. 209) and **DENIES as moot** the Motion for Preliminary Injunction filed by Plaintiff Fredrick Goings (Doc. 167).

## II.     Motions for Sanctions and Related Motions

On January 8, 2019, Defendants filed a motion for sanctions related to Goings's refusal to go forward with a scheduled deposition (Doc. 156). Defendants seek $209.10 (the scheduled court reporter fee) and dismissal of the case with prejudice. Alternatively, they seek the court reporter fee and an order requiring Goings to sit for his deposition after he pays the fee. Goings filed a response in opposition, arguing that he received the notice of deposition only 10 days prior to the deposition, when he should have had at least 14 days' notice (Doc. 165).

Goings also filed several motions for sanctions and supplements thereto alleging that "Defendants and agents" engaged in "misconduct and sabotage," destroyed his personal property, failed to provide thermal clothing, and gave him food with debris in it, among other things (Docs. 166, 170, 183, 184, 189).

On July 8, 2019, Judge Sison entered the Report and Recommendation currently before the Court (Doc. 213). Judge Sison recommends denying Defendants' motion for sanctions because the notice of deposition was not sent at least 14 days prior to the scheduled deposition, as required by the Amended Scheduling Order (Doc. 121). Judge Sison also recommends denying Goings's various motions because they are an improper attempt to bring new claims and new defendants into this case.

Objections to the Report and Recommendation were due July 25, 2019. The undersigned granted Goings an extension of time until August 26, 2019, to object to the Report and Recommendation (Doc. 216). The deadline for objecting has now passed; no objections were filed.

As discussed above, where neither timely nor specific objections to the Report and Recommendation are made, this Court should only review the Report and Recommendation for clear error. *Johnson,* 170 F.3d at 739. While *de novo* review is not required here, the Court has reviewed the record and Judge Sison's Report and Recommendation for clear error. Following this review, the Court agrees with his analysis and conclusions. Accordingly, the Court **ADOPTS** Judge Sison's Report and Recommendation in its entirety (Doc. 213). The Motion for Sanctions filed by Defendants (Doc. 156) is **DENIED**. The various motions filed by Plaintiff Frederick Goings related to sanctions (Docs. 166, 184, 189) are also **DENIED**.

Additionally, the discovery and dispositive motion deadlines were stayed in this case pending the resolution of the instant motions for sanctions (Doc. 169). Now that the pending motions have been resolved, Judge Sison is **DIRECTED** to set new discovery and dispositive motion deadlines.

## III. Motion for Immediate Transfer to Federal Custody

On July 19, 2019, Goings filed a Motion for Immediate Transfer to Federal Custody (Doc. 217), in which he contends he has six civil rights cases pending in federal court against 200 IDOC officials for constitutional and state law claims, including three in this district court. He claims he has been repeatedly harassed and assaulted by prison officials and that "targeted threats" against him and his family have occurred at Pontiac, Menard and Stateville Correctional Center ("Stateville"). Goings also contends that on July 8, 2019, while at Pontiac, he had saliva, urine and feces thrown at him, which got in his eyes, and that this "biological matter" came from three prisoners that are "high risk" for

diseases. He alleges that the officials at Pontiac refused to investigate. Further, Goings contends that he and his family are at risk as long as he remains in the custody of the Illinois Department of Corrections.

Judge Sison construed Goings's motion as one seeking a temporary restraining order or preliminary injunctive relief. He then entered a Report and Recommendation (Doc. 220) recommending that the undersigned deny the motion because there is no relationship between the facts and allegations contained in Goings's motion and those contained in the Complaint in this case. Moreover, Defendants in this case are different than the officials named in Goings's motion. To the extent that the allegations contained in the motion relate to new incidents not currently being pursued in any action in this Court, Judge Sison found that Goings must file a new action stating those claims and file a motion for injunctive relief in that new action.

On August 22, 2019, Goings filed a motion for extension of time to object to the Report and Recommendation, which was granted (Doc. 224). The Court notified Goings that his objection was due on or before September 23, 2019, and that additional extensions of time were unlikely to be granted. Goings filed a motion for extension of time anyway, weeks before his objection was due. As discussed above, Goings has not presented any extraordinary circumstances that would warrant additional extensions of time. Accordingly, his motion for extension of time (Doc. 226) is **DENIED**.

Because no objections were filed by the deadline, the Court reviews Judge Sison's Report and Recommendation for clear error. Again, it finds none. The main purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on

the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Accordingly, the preliminary injunctive relief sought must relate to the claims pending in the underlying lawsuit. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (holding that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"). A motion for preliminary injunction, such as Goings's request here, is not a proper avenue to pursue additional claims or name additional defendants.

This conclusion should come as no surprise to Goings; he previously filed motions for injunctive relief that were denied by the undersigned because they did not implicate any Defendant in this action or seek relief related to his underlying claims (Doc. 69). In the future, Goings is encouraged to review his Complaint and tailor any further requests for injunctive relief to the claims in this matter.

Having found no clear error, Judge Sison's Report and Recommendation (Doc. 220) is **ADOPTED,** and Goings's Motion for Immediate Transfer to Federal Custody (Doc. 217) is **DENIED.**

IV.    **John Does**

Finally, in the Amended Scheduling and Discovery Order, the Court set a deadline of June 15, 2018, for Goings to move to amend his complaint to add or substitute specific defendants for the John Does, identify additional steps that could be taken to identify the John Does who remain unidentified, and move to amend the complaint to include any additional claims or parties (Doc. 121). The Court noted that failure to comply with this

requirement would result in the dismissal of the John Does and would likely bar further amendment of the complaint (*Id.*). Goings later moved for an extension of time to identify the John Does, which was denied (Doc. 130).

While Goings has filed motions for leave to amend the complaint, those motions were denied because he sought to add new claims and parties unrelated to the current claims in this case. He has not moved to amend the complaint to identify the John Does, and he has not otherwise informed the Court of their identities. Accordingly, the John Doe Defendants are **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

DATED:   September 25, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**